# EXHIBIT

# A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
10/02/2023
CT Log Number 544842421

## Service of Process Transmittal Summary

**TO:**      Licensing Dept
            Upgrade, Inc.
            275 BATTERY ST STE 2300
            SAN FRANCISCO, CA 94111-3366

**RE:**      **Process Served in Wisconsin**

**FOR:**     Upgrade, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Garett Watton vs. Upgrade, Inc. |
| **CASE #:** | 2023SC000695 |
| **PROCESS SERVED ON:** | C T Corporation System, Madison, WI |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/02/2023 at 04:42 |
| **JURISDICTION SERVED:** | Wisconsin |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Sara Ware  sware@upgrade.com |
| | Email Notification, Karel Raba  kraba@upgrade.com |
| | Email Notification, Angela Paluscio  apaluscio@upgrade.com |
| | Email Notification, Licensing Dept  licensing@upgrade.com |
| | Email Notification, Natalie Varichak  nvarichak@upgrade.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 301 S. Bedford Street |
| | Suite 1 |
| | Madison, WI 53703 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Oct 2, 2023
**Server Name:**                             Drop Service

| Entity Served | UPGRADE, INC. |
|---|---|
| Case Number | 2023sc000695 |
| Jurisdiction | WI |

| Inserts | | |
|---|---|---|
| | | |



**STATE OF WISCONSIN          CIRCUIT COURT          CHIPPEWA**

Garett Watton vs. Upgrade, Inc.

**Electronic Filing Notice**

Case No. 2023SC000695
Class Code: Sm Claim, Claim Under $ Limit

FILED
09-18-2023
Clerk of Circuit Court
Chippewa County, WI
2023SC000695
Honorable David Raihle Jr

UPGRADE, INC.
SUITE 2300
275 BATTERY STREET
SAN FRANCISCO CA 94111

Case number 2023SC000695 was electronically filed with/converted by the Chippewa County Circuit Court office. The electronic filing system is designed to allow for fast reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 29dd46**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-726-7758.

Chippewa County Circuit Court
Date: September 19, 2023

GF-180(CCAP), 11/2020 Electronic Filing Notice                                        §801.18(5)(d), Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**

FILED
09-18-2023
Clerk of Circuit Court
Chippewa County, WI
2023SC000695
Honorable David Raihle Jr

DATE SIGNED: September 19, 2023

Electronically signed by Nathan A. Liedl
Clerk of Circuit Court

| STATE OF WISCONSIN | CIRCUIT COURT | CHIPPEWA COUNTY |
|---|---|---|

☐ Amended

Garett Watton vs. Upgrade, Inc.

**Summons and
Complaint Small Claims**

Case No: 2023SC000695
Sm Claim, Claim Under $ Limit 31001

**Plaintiff:**
Garett Watton
18 Woodward Avenue
Chippewa Falls WI 54729

**Defendant:**
Upgrade, Inc.
Suite 2300
275 Battery Street
San Francisco CA 94111

| This form does not replace the need for an interpreter, any colloquies mandated by law, or the responsibility of court and counsel to ensure that persons with limited English proficiency fully comprehend their rights and obligations. |
|---|
| If you require reasonable accommodations due to a disability to participate in the court process, please call 715-726-7758 at least 10 working days prior to the scheduled court date. Please note that the court does not provide transportation. |

## SUMMONS

**To the Defendant(s):**
You are being sued as described on the attached complaint. If you wish to dispute this matter:
☐ You must appear at the time and place stated.
☒ You must file a written answer and provide a copy to the plaintiff or plaintiff's attorney on or before the date and time stated.
If you do not appear or answer, the plaintiff may win this case and a judgment entered for what the plaintiff is asking.

| When to Appear/File an Answer | |
|---|---|
| Date<br>10-16-2023 | Time<br>01:00 pm |
| **Place to Appear/File an Answer** | |
| Chippewa County Court House<br>Court Commissioner Hearing Rm 207<br>711 N Bridge Street<br>Chippewa Falls WI 54729 | |
| Date Summons Issued<br>09-19-2023 | Date Summons Mailed |

FILED
09-18-2023
Clerk of Circuit Court
Chippewa County, WI
2023SC000695
Honorable David Raihle Jr

**STATE OF WISCONSIN, CIRCUIT COURT, CHIPPEWA** _____ **COUNTY**          | For Official Use

Plaintiff:   (Name [first, middle, last], Address, City, State, Zip)

Garett Watton

18 Woodward Avenue

Chippewa Falls, WI 54729

_____

☐ See attached for additional plaintiffs.

-vs-

To: Defendant(s) :  (Name [first, middle, last], Address, City, State, Zip)

Upgrade, Inc.

275 Battery Street

Suite 2300

San Francisco, CA 94111

☐ **See attached for additional defendants.**

If you need help in this matter because of a disability, please call:

☐ Amended

## Summons and Complaint
## Small Claims

Case No. _____

☒ Claim for money ($5,000 or less) 31001
☐ Return of property (replevin)      31003
☐ Eviction                          31004
☐ Arbitration award                 31006
☐ Return of earnest money           31008

## SUMMONS

**To the Defendant(s):**

You are being sued as described below. If you wish to dispute this matter:

☐ You must appear at the time and place stated.

   **AND/OR** (Clerk will circle one)

☐ You must file a written answer and provide a copy to the plaintiff or
   plaintiff's attorney on or before the date and time stated.

If you do not appear or answer, the plaintiff may win this case and a judgment
entered for what the plaintiff is asking.

| When to Appear/File an Answer | |
|---|---|
| Date | Time |
| **Place to Appear/File an Answer** | |
| | |

| Clerk/Attorney Signature | Date Summons Issued | Date Summons Mailed |
|---|---|---|
| | | |

## COMPLAINT

**Plaintiff's Demand:**

The plaintiff states the following claim against the defendant(s):

1. Plaintiff demands judgment for:  *(Check as appropriate)*

   ☒ Claim for Money $ _____   ☐ Eviction   ☐ Return of Earnest Money
   ☐ Return of property (replevin) *(Describe property in 2 below.)*   ☐ Confirmation, vacation, modification or correction
   *(Not to include Wis. Stats. 425.205 actions to recover collateral.)*      of arbitration award.
   Plus interest, costs, attorney fees, if any, and such other relief as the court deems proper.

2. Brief statement of dates and facts: (If this is an eviction action and you are seeking money damages, you must also state that claim on this form.)
   see attached complaint _____
   _____
   _____
   _____

☒ **See attached for additional information.**  Provide copy of attachments for court and defendant(s).

**Verification:** Under oath, I state that the above complaint is true, except as those matters stated upon information and
belief, and as to those matters, I believe them to be true.

I am: ☐ plaintiff.   ☒ attorney for the plaintiff.

Subscribed and sworn to before me
on _____

_____
Notary Public, State of Wisconsin
My commission expires: _____

| Signature of Plaintiff or Attorney | Date | Attorney's State Bar Number |
|---|---|---|
| | Sept. 18, 2023 | 1001833 |
| Plaintiff's/Attorney's Telephone Number | Law Firm and Address | |
| 715-243-9996 | 421 West Second Street | |
| | PO Box 27 | |
| | New Richmond, WI 54017 | |

**FILED**
**09-18-2023**
**Clerk of Circuit Court**
**Chippewa County, WI**
**2023SC000695**
**Honorable David Raihle Jr**

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **COUNTY OF DOUGLAS**
**SMALL CLAIMS BRANCH**

Garett Watton,                                          No. 2023-SC-_____

                    Plaintiff,

vs.

Upgrade, Inc.,

                    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.    This is an action brought by Garett Watton ("Watton") seeking redress for violations of the
      Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ( "FCRA"), and Wisconsin's Privacy
      statute, Wis. Stat. § 995.50, committed by Upgrade, Inc. ("Upgrade").   Watton seeks
      recovery of actual, statutory and punitive damages, his reasonably incurred costs and attorney
      fees, as well as declaratory and injunctive relief.

### II. JURISDICTION

2.    Jurisdiction of this court arises under Wis. Stat. § 801.04 (general), as well as 15 U.S.C.
      §1681p (FCRA).

3.    Venue is appropriate under Wis. Stat. § 801.50 (venue), as a substantial part of the acts,
      errors and omissions giving rise to the claims asserted by Plaintiff arose in this county.

-1-

## III. PARTIES

**Garett Watton**

4.    Plaintiff Garett Watton is an individual residing in Chippewa County, Wisconsin.

5.    While Watton is of normal intelligence, he lacks advanced sophistication in the specific businesses of payday loan lead marketing and credit reporting.

6.    Watton was and is a "consumer" or "customer" as defined by Wis. Stat. § 421.301(17).

7.    Watton was and is a "consumer" as defined by 15 U.S.C. § 1681a( c ).

8.    Watton was and is a "person" as defined by Wis. Stat. § 990.01(1 & 26).

9.    Watton was and is a "person" as that term is used in Wis. Stat. § 995.50, and is further entitled to the protections and remedies of Wis. Stat. § 995.50.

10.    Upgrade, Inc., is a company organized under non-Wisconsin law, and is authorized to conduct business in Wisconsin with Wisconsin residents.

11.    Defendant is engaged in arranging or brokering consumer loans and transactions made at high interest, and receiving payment for arranging or brokering those loans and transactions.

12.    Defendant regularly makes loans to Wisconsin residents repayable at high interest rates, and collects money from Wisconsin residents on those loans, using the mail and the internet.

13.    Defendant regularly purchases leads, from licensed and unlicensed loan brokers and lenders, of Wisconsin consumers who are interested in high interest loans.

14.    Defendant regularly sells leads, to licensed and unlicensed loan brokers and lenders, of Wisconsin consumers who are interested in high interest loans.

15.    Defendant is a sophisticated business, operating throughout Wisconsin.

16.    Defendant is licensed by the Wisconsin Department of Financial Institutions to make loans to Wisconsin residents, per Wis. Stat. § 138.09.

17.    Defendant is a regular user of consumer reports and files under the FCRA, is restricted by the FCRA as to whose consumer reports and files its accesses, and is further restricted by the FCRA as to whom it re discloses the information it receives.

18.    Defendant is a "person" as defined by Wis. Stat. § 990.01(1 & 26).

19.    Defendant is also a "person" as that term is used in Wis. Stat. § 995.50, and is burdened by and subject to the remedies of Wis. Stat. § 995.50.

20.    Defendant was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

21.    Per the "Privacy Policy" section of Defendant's website, Defendant acknowledges that it regularly arranges or obtains consumer loans for those who apply for credit.

22.    Because Defendant regularly arranges, brokers or obtains consumer loans for Wisconsin consumers made at high interest, Defendant would otherwise be a credit services organization ("CSO") as defined by Wis. Stat. § 422.501(2).

23.    While Defendant is **not** registered to act as a CSO in Wisconsin, Defendant enjoys an exemption from such registration per Wis. Stat. § 422.501(2)(b)(1), as long as Defendant maintains all its required licensure in Wisconsin.

24.    Defendant is liable for the acts of its employees, agents, and independent contractors under theories of respondeat superior, agency, and vicarious liability.

25.    As a business conducting their affairs within the United States generally, and Wisconsin specifically, Defendant is deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United States*, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker*, 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP*, 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

## IV. FACTUAL ALLEGATIONS

**<u>Claims of Garett Watton</u>**

26.    In February of 2023, Garett Watton received a copy of his Factor Trust consumer credit reports and file.

27.    The February 2023  Factor Trust consumer credit report and file  disclosed that Upgrade accessed, downloaded, obtained or retrieved Watton's Factor Trust consumer credit reports and files on July 15 and October 27, 2022.

28.    The information assembled by Factor Trust about Watton constitutes a "consumer report" under the FCRA, and "credit report" in common usage, as the information is used for and bears "on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation personal characteristics or mode of living ..." 15 U.S.C. § 1681a(d)(1).

29.    The information assembled by Factor Trust about Watton constitutes a "consumer report" under the FCRA, as the information is assembled and is used "for the purpose of furnishing consumer reports to third parties ..." 15 U.S.C. § 1681a(d)(1).

30.    The information about Garett Watton, held by and released by Factor Trust to Garett Watton, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

31.    The information about Garett Watton, requested by and obtained by various entities including defendant, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

32.    Factor Trust is a "consumer reporting agenc[ies]" under the FCRA, or "credit bureaus" in common usage, as "for monetary fees" Factor Trust  "regularly engages in ... the practice of assembling or evaluating consumer credit information or other information on consumers ..." 15 U.S.C. § 1681a(f).

33.  Factor Trust creates, generates and produces consumer credit reports and files on a regular basis, and derives the information in these reports and files from large amounts of information it collects and maintains on individuals like Garett Watton in a data base called a consumer file.

34.  For example, the consumer credit report and file produced by Factor Trust in February of 2022 exceeds 10 pages, and is full of vast amounts of personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to his name, address, and social security number, as well as his financial transaction history.

35.  Watton has never applied for credit with defendant, nor has Watton ever authorized defendant to access, download, obtain or view his Factor Trust consumer credit report and file.  Watton has never authorized defendant to access, download, obtain or view his consumer credit report and file as maintained by any other consumer reporting agency.

36.  When initially asked about the unlawful accesses, Defendant ignored the request.

37.  When asked a second time, defendant replied, falsely claiming that "applications for credit were submitted by Garrret Watton on July 15, and on October 27, 2022." However, Mr. Watton's browser and e-mail history, demonstrate that NO credit application was made on or about these dates, nor did Mr. Watton receive any e-mails from defendant on or about these dates, nor did Mr. Watton visit defendant's website on or about these dates.

38.  Each time Defendant accessed Garett Watton's Factor Trust consumer credit report and file, it obtained large amounts of his PII and PFI, including but not limited to his name, address, and social security number, as well as his credit score and financial transaction history.

39.  Defendant is required by state and federal law including the FCRA to adopt and maintain procedures designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

41. Defendant has NOT adopted nor maintained procedures adequately designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

42. Defendant is prevented by state and federal law including the FCRA from releasing Garett Watton's consumer credit report and file to third parties absent a permissible purpose under the FCRA, 15 U.S.C. §§ 1681b(a)(1 through 6) and (f).

43. None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as, there is no "credit transaction" or "credit application" initiated by Garett Watton, and no "business transaction" was initiated by Garett Watton.

44. The initiation of a "credit transaction" or "credit application" or "business transaction" by a third party is not a permissible purpose under the FCRA.

45. Defendant is required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists. 15 U.S.C. § 1681b(f).

46. The referenced inquiries have become a permanent component of Garett Watton's credit report and file and is reported to those who ask to review the credit history of Garett Watton.

47. Defendant agreed and represented in its agreements with the various credit reporting agencies that it would request and use consumer reports and files which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under §1681b.

48. Defendant was and is required by §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports and files and files from credit reporting agencies under false pretenses, or without a legal basis.

49. At no time material hereto did Garett Watton ever have a relationship with defendant of the kind specified under §1681b(a)(3)(A) - (F).

50.  Garett Watton has never given written instructions to defendant to access, download, obtain, review and/or release to a third party a consumer report and file of which Watton was the subject.

51.  Defendant has never been ordered by a court of competent jurisdiction to obtain or release a copy of Garett Watton's consumer credit report and file pursuant to § 1681b(1).

52.  Defendant has an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer credit reports and files.

53.  Reasonable procedures for users include restricting the ability of Defendant's agents, contractors, and employees to obtain or release consumer credit report and files on consumers for any impermissible purpose.

54.  Upgrade's illegal, unlawful, and impermissible dissemination, acquisition and / or redisclosure of Garett Watton' consumer credit report and file violates Garett Watton' privacy rights under state and federal law including the FCRA.

55.  Watton's agent contacted Defendant several times about this unlawful access of his credit report. Defendant never meaningfully responded, except to acknowledge receipt of Watton's requests.

56.  As a result of the actions and omissions of Defendant, Garett Watton has suffered damages including emotional distress, loss of privacy, mental anguish, fear, anger, frustration, embarrassment and other damages.

57.  The damages Watton suffered as a result of the actions and omissions of Defendant are directly traceable to the conduct of Defendant, and are likely to be redressed by a favorable decision in this action.

## V. CAUSES OF ACTION

### COUNT 1.    FAIR CREDIT REPORTING ACT

58.    Watton incorporates by reference all the foregoing paragraphs.

59.    Defendant willfully and/or recklessly violated provisions of the Fair Credit Reporting Act.

Defendant's violations include, but are not limited to the following:

(A)    Upgrade violated 15 U.S.C. §1681b(f) by willfully and/or recklessly obtaining multiple copies of Watton's consumer credit report and file as maintained by Factor Trust, without a permissible purpose under the FCRA.

60.    As a result of the above violations of the FCRA, Defendant is liable to Watton in the sum of Watton's actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

### COUNT 2.    WISCONSIN'S PRIVACY STATUTE

61.    Garett Watton incorporates by reference all the foregoing paragraphs.

62.    The information concerning Garett Watton, as contained in the consumer credit report and files maintained by Factor Trust includes non public PII such as Garett Watton's social security number, and further includes non public personal financial information ("PFI") such as his banking information, and his credit score.

63.    The information concerning Garett Watton, as contained in the consumer credit report and file maintained by Factor Trust is private, and is of a highly personal nature.

64.    Similar information concerning any reasonable person of ordinary sensibilities, would also be considered private and of a highly personal nature.

65.    The unlawful accessing of that information by defendant of Watton's consumer credit report and file is highly offensive to Garett Watton.

66. Any unlawful accessing and re disclosure of similar information of any reasonable person of ordinary sensibilities, would be highly offensive to any such person.

67. Defendant acted unreasonably and recklessly in accessing Garett Watton's information including PII and PFI about Garett Watton.

68. While Garett Watton's PII and PFI were not disclosed to the general public, Garett Watton's PII and PFI were disclosed by defendant to an audience that includes companies that Garett Watton has never contracted with, companies that Garett Watton has never authorized to receive such information, and companies that Garett Watton has no control over including potentially companies based and operating outside the United States and Wisconsin, and outside the jurisdiction of United States and Wisconsin courts.

69. Defendant willfully and/or recklessly violated Wis. Stat. § 995.50(2)(a & c), including its prohibition on accessing Garett Watton's PII and PFI.

70. As a result of the above violations of Wis. Stat. § 995.50, Defendant is liable to Garett Watton in the sum of Garett Watton's actual damages, punitive damages, costs, disbursements, and reasonable attorney's fees, along with any appropriate injunctive and or declaratory relief.

71. All appropriate injunctive and or declaratory relief will include but not be limited to orders prohibiting defendant from reselling or offering to resell Garett Watton's PII and / or PFI.

72. All appropriate injunctive and or declaratory relief will include but not be limited to orders prohibiting defendant from sharing or offering to share Garett Watton's PII and / or PFI.

73. All appropriate injunctive and or declaratory relief will include but not be limited to orders prohibiting defendant from bartering or offering to barter Garett Watton's PII and / or PFI.

74.    All appropriate injunctive and or declaratory relief will include but not be limited to orders directing defendant to disclose any and all entities with whom it has sold, shared or bartered Garett Watton's PII and / or PFI, and further ordering each defendant to cooperate with the retrieval and destruction of Garett Watton's PII and / or PFI.

75.    All appropriate injunctive and or declaratory relief will be subject and limited to all exceptions at law, such as defendant's requirement to comply with Federal, State or other document retention law.

76.    Where document retention or other laws require the retention of Garett Watton's PII and / or PFI by any defendant, all appropriate injunctive and or declaratory relief will include orders directing defendant to safeguard ind information, and to destroy it when any such law expires.

## VI. REQUEST FOR RELIEF

77.    **WHEREFORE**, Garett Watton respectfully requests that Judgment be entered against Defendant as follows:

**Count 1**    (a)    actual damages;

(b)    statutory damages;

(c)    punitive damages;

(d)    costs and reasonable attorney's fees; and

(e)    such other and further relief as the court deems just and equitable.

**Count 2**    (a)    actual damages;

(b)    punitive damages;

(c)    declaratory and injunctive relief:

(d)    costs and reasonable attorney's fees; and

(e)    such other and further relief as the court deems just and equitable.

## VII. DEMAND FOR TRIAL BY JURY

78.    Garett Watton hereby demands that, to the extent provided by the United States and
Wisconsin Constitutions, United States and Wisconsin Statutes, and United States and
Wisconsin Common Law, these claims be determined by a jury of his peers.

Dated: September 18, 2023

 electronically signed by Eric Crandall
Eric Leighton Crandall, Esq.
**CRANDALL LAW FIRM, S.C.**
421 West Second Street
PO Box 27
New Richmond, WI 54017
715-243-9996 (p)
715-246-7174 (f)
WisconsinConsumerLaw@frontier.com
Wis. Atty. Lic. No. 1001833

**ATTORNEY FOR PLAINTIFF
GARETT WATTON**

THIS DOCUMENT WAS LEGALLY SERVED ON
_____ OCT 0 2 2023 _____ AT 2 : 4/ AM/PM

BY: Shawn Conrad

**CREAMCITY**
—— P R O C E S S ——
CREAMCITYPROCESS.COM
Failure to make this endorsement does not invalidate service per Wisconsin §801.10(2)

FILED
10-16-2023
Clerk of Circuit Court
Chippewa County, WI
2023SC000695

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **CHIPPEWA COUNTY**

**SMALL CLAIMS BRANCH**

---

Garett Watton,                                           Case No. 2023SC000695

       Plaintiff,

  v.

Upgrade, Inc,

       Defendant.

---

## LIMITED APPEARANCE

---

Nicole M. Strickler of Messer Strickler Burnette, Ltd. hereby enters a limited appearance on behalf of Defendant Upgrade, Inc.

Dated: October 16, 2023            */s/ Nicole M. Strickler*
                                   Nicole M. Strickler
                                   Wis. Bar No. 1128446
                                   Messer Strickler Burnette, Ltd.
                                   142 W. Station St.
                                   Barrington, IL 60010
                                   (312) 334-3469 (p)
                                   (312) 334-3470 (f)
                                   nstrickler@messerstricker.com

FILED
10-16-2023
Clerk of Circuit Court
Chippewa County, WI
2023SC000695

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **CHIPPEWA COUNTY**

**SMALL CLAIMS BRANCH**

---

Garett Watton,                                          Case No. 2023SC000695

        Plaintiff,

    v.

Upgrade, Inc,

        Defendant.

---

## DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES

---

Defendant Upgrade, Inc. ("Defendant" or "Upgrade"), by and through its undersigned counsel, hereby states that this matter is CONTESTED and in support of which states its answer and affirmative defenses to the Complaint of Plaintiff, Upgrade, Inc., as follows:

1.  This is an action brought by Garett Watton ("Watton") seeking redress for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA"), and Wisconsin's Privacy statute, Wis. Stat. § 995.50, committed by Upgrade, Inc. ("Upgrade"). Watton seeks recovery of actual, statutory and punitive damages, his reasonably incurred costs and attorney fees, as well as declaratory and injunctive relief.

**ANSWER**: Defendant admits that Plaintiff purports to bring claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and Wisconsin Privacy statute, Wis. Stat. § 995.50 and that Plaintiff seeks damages, costs, attorney's fees and declaratory and injunctive relief. Defendant denies any violations of law and denies that Plaintiff is entitled to any relief.

1

2. Jurisdiction of this court arises under Wis. Stat. § 801.04 (general), as well as 15 U.S.C. §1681p (FCRA).

**ANSWER**:   Defendant denies the allegations in Paragraph 2.

3.   Venue is appropriate under Wis. Stat. § 801.50 (venue), as a substantial part of the acts, errors and omissions giving rise to the claims asserted by Plaintiff arose in this county.

**ANSWER**:   Defendant denies the allegations in Paragraph 3. Responding further, Defendant states the alleged data pull was neither pulled from nor obtained in Wisconsin.

4.   Plaintiff Garett Watton is an individual residing in Chippewa County, Wisconsin.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 and therefore denies same.

5.   While Watton is of normal intelligence, he lacks advanced sophistication in the specific businesses of payday loan lead marketing and credit reporting.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 and therefore denies same.

6.   Watton was and is a "consumer" or "customer" as defined by Wis. Stat. § 421.301(17).

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 and therefore denies same.

7.   Watton was and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 and therefore denies same.

8.   Watton was and is a "person" as defined by Wis. Stat. § 990.01(1 & 26).

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 and therefore denies same.

9.    Watton was and is a "person" as that term is used in Wis. Stat. § 995.50, and is further entitled to the protections and remedies of Wis. Stat. § 995.50.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 and therefore denies same.

10.    Upgrade, Inc., is a company organized under non-Wisconsin law, and is authorized to conduct business in Wisconsin with Wisconsin residents.

**ANSWER**:    Defendant admits the allegations in Paragraph 10.

11.    Defendant is engaged in arranging or brokering consumer loans and transactions made at high interest, and receiving payment for arranging or brokering those loans and transactions.

**ANSWER**:    Defendant denies the allegations in Paragraph 11.

12.    Defendant regularly makes loans to Wisconsin residents repayable at high interest rates, and collects money from Wisconsin residents on those loans, using the mail and the Internet.

**ANSWER**:    Defendant admits that it offers loans to Wisconsin residents and that it collects money from such customers at times using the mail and/or internet. Defendant denies the remaining allegations in Paragraph 12.

13.    Defendant regularly purchases leads, from licensed and unlicensed loan brokers and lenders of Wisconsin consumers who are interested in high interest loans.

**ANSWER**:    Defendant denies the allegations in Paragraph 13.

14.    Defendant regularly sells leads, to licensed and unlicensed loan brokers and lenders, of Wisconsin consumers who are interested in high interest loans.

3

**ANSWER**:    Defendant denies the allegations in Paragraph 14.

15.    Defendant is a sophisticated business, operating throughout Wisconsin.

**ANSWER**:    Defendant admits that it is licensed to do business in Wisconsin. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15 and therefore denies same.

16.    Defendant is licensed by the Wisconsin Department of Financial Institutions to make loans to Wisconsin residents, per Wis. Stat. § 138.09.

**ANSWER**:    Defendant admits that it is licensed to make loans to Wisconsin residents. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16.

17.    Defendant is a regular user of consumer reports and files under the FCRA, is restricted by the FCRA as to whose consumer reports and files its [sic] accesses, and is further restricted by the FCRA as to whom it re [sic] discloses the information it receives.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 and therefore denies same.

18.    Defendant is a "person" as defined by Wis. Stat. § 990.01(1 & 26).

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 and therefore denies same.

19.    Defendant is also a "person" as that term is used in Wis. Stat. § 995.50, and is burdened by and subject to the remedies of Wis. Stat. § 995.50.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and therefore denies same.

20.    Defendant was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and therefore denies same.

21.    Per the "Privacy Policy" section of Defendant's website, Defendant acknowledges that it regularly arranges or obtains consumer loans for those who apply for credit.

**ANSWER**:   Defendant DENIES the allegations in Paragraph 21.

22.    Because Defendant regularly arranges, brokers or obtains consumer loans for Wisconsin consumers made at high interest, Defendant would otherwise be a credit services organization ("CSO") as defined by Wis. Stat. § 422.501(2).

**ANSWER**:   Defendant DENIES the allegations in Paragraph 22.

23.    While Defendant is not registered to act as a CSO in Wisconsin, Defendant enjoys an exemption from such registration per Wis. Stat. § 422.501(2)(b)(1), as long as Defendant maintains all its required licensure in Wisconsin.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and therefore denies same.

24.    Defendant is liable for the acts of its employees, agents, and independent contractors under theories of respondeat superior, agency, and vicarious liability.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 and therefore denies same.

25.    As a business conducting their affairs within the United States generally, and Wisconsin specifically, Defendant is deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United States*, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker*, 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); Putnam v. Time

Warner Cable of Southeastern Wisconsin, LP, 2002 WI 1081 13 & footnote 4, 255 Wis.2d 447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 and therefore denies same.

26.    In February of 2023, Garet Watton received a copy of his Factor Trust consumer credit reports and file.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 and therefore denies same.

27.    The February 2023 Factor Trust consumer credit report and file disclosed that Upgrade accessed, downloaded, obtained or retrieved Watton's Factor Trust consumer credit reports and files on July 15 and October 27, 2022.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and therefore denies same.

28.    The information assembled by Factor Trust about Watton constitutes a "consumer report" under the FCRA, and "credit report" in common usage, as the information is used for and bears "on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation personal characteristics or mode of living ..." 15 U.S.C. § 1681a(d)(1).

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and therefore denies same.

29.    The information assembled by Factor Trust about Watton constitutes a "consumer report" under the FCRA, as the information is assembled and is used "for the purpose of furnishing consumer reports to third parties ..." 15 U.S.C. § 1681a(d)(1).

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and therefore denies same.

30.    The information about Garett Watton, held by and released by Factor Trust to Garen Watton, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and therefore denies same.

31.    The information about Garett Watton, requested by and obtained by various entities including defendant, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and therefore denies same.

32.    Factor Trust is a "consumer reporting agenc[ies]" under the FCRA, or "credit bureaus" in common usage, as "for monetary fees" Factor Trust "regularly engages in ... the practice of assembling or evaluating consumer credit information or other information on consumers ..." 15 U.S.C. § 1681a(f).

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 and therefore denies same.

33.    Factor Trust creates, generates and produces consumer credit reports and files on a regular basis, and derives the information in these reports and files from large amounts of information it collects and maintains on individuals like Garett Watton in a data base called a consumer file.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 and therefore denies same.

34.    For example, the consumer credit report and file produced by Factor Trust in February of 2022 exceeds 10 pages, and is full of vast amounts of personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to his name, address, and social security number, as well as his financial transaction history.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 and therefore denies same.

35.    Watton has never applied for credit with defendant, nor has Watton ever authorized defendant to access, download, obtain or view his Factor Trust consumer credit report and file. Watton has never authorized defendant to access, download, obtain or view his consumer credit report and file as maintained by any other consumer reporting agency.

**ANSWER**:    Defendant denies the allegations in Paragraph 35. Plaintiff applied for a credit product offered through Defendant.

36.    When initially asked about the unlawful accesses, Defendant ignored the request.

**ANSWER**:    Defendant denies the allegations in Paragraph 36.

37.    When asked a second time, defendant replied, falsely claiming that "applications for credit were submitted by Garrret Watton on July 15, and on October 27, 2022." However, Mr. Watton's browser and e-mail history, demonstrate that NO credit application was made on or about these dates, nor did Mr. Watton receive any e-mails from defendant on or about these dates, nor did Mr. Watton visit defendant's website on or about these dates.

**ANSWER**:    Defendant denies the allegations in Paragraph 37.

38.    Each time Defendant accessed Garett Watton's Factor Trust consumer credit report and file, it obtained large amounts of his PII and PFI, including but not limited to his name, address, and social security number, as well as his credit score and financial transaction history.

**ANSWER**:     Defendant denies the allegations in Paragraph 38.

39.     Defendant is required by state and federal law including the FCRA to adopt and maintain procedures designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 and therefore denies same.

41.     Defendant has NOT adopted nor maintained procedures adequately designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

**ANSWER**:     Defendant denies the allegations in Paragraph 41.

42.     Defendant is prevented by state and federal law including the FCRA from releasing Garett Watton's consumer credit report and file to third parties absent a permissible purpose under the FCRA, 15 U.S.C. §§ 1681b(a)(1 through 6) and (f).

**ANSWER**:     Defendant denies the allegations in Paragraph 42. Responding further Defendant states that 15 U.S.C. § 1681b(a) on its face governs only the obligations of consumer reporting agencies, and Defendant is not a consumer reporting agency.

43.     None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as, there is no "credit transaction" or "credit application" initiated by Garett Watton, and no "business transaction" was initiated by Garett Watton.

**ANSWER**:     Defendant denies the allegations in Paragraph 43. Responding further, Defendant states any credit inquiries made by Defendant relative to Plaintiff were made in connection with an application for a credit product offered through Defendant.

44.     The initiation of a "credit transaction" or "credit application" or "business transaction" by a third party is not a permissible purpose under the FCRA.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 and therefore denies same.

45.     Defendant is required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists. 15 U.S.C. § 1681b(f).

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 and therefore denies same.

46.     The referenced inquiries have become a permanent component of Garett Watton's credit report and file and is reported to those who ask to review the credit history of Garett Watton.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 and therefore denies same.

47.     Defendant agreed and represented in its agreements with the various credit reporting agencies that it would request and use consumer reports and files which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under §1681b.

**ANSWER**:     Defendant, on information and belief, admits the allegations in Paragraph 47.

48.     Defendant was and is required by §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports and files and files from credit reporting agencies under false pretenses, or without a legal basis.

**ANSWER**:     Defendant denies obtaining any consumer reports or files from any credit reporting agency under false pretenses or without a legal basis. Defendant lacks knowledge or information

sufficient to form a belief as to the remaining allegations in Paragraph 48 and therefore denies same.

49.    At no time material hereto did Garett Watton ever have a relationship with defendant of the kind specified under §1681b(a)(3)(A) - (F).

**ANSWER**:    Defendant denies the allegations in Paragraph 49.

50.    Garett Watton has never given written instructions to defendant to access, download, obtain, review and/or release to a third party a consumer report and file of which Watton was the subject.

**ANSWER**:    Defendant denies the allegations in Paragraph 50.

51.    Defendant has never been ordered by a court of competent jurisdiction to obtain or release a copy of Garett Watton's consumer credit report and file pursuant to § 1681b(1).

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and therefore denies same.

52.    Defendant has an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer credit reports and files.

**ANSWER**:    Defendant denies impermissibly accessing any consumer credit report or file. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 52 and therefore denies same.

53.    Reasonable procedures for users include restricting the ability of Defendant's agents, contractors, and employees to obtain or release consumer credit report and files on consumers for any impermissible purpose.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 and therefore denies same.

54.     Upgrade's illegal, unlawful, and impermissible dissemination, acquisition and / or redisclosure of Garett Watton' consumer credit report and file violates Garett Watton' privacy rights under state and federal law including the FCRA.

**ANSWER**:     Defendant denies the allegations in Paragraph 54.

55.     Watton's agent contacted Defendant several times about this unlawful access of his credit report. Defendant never meaningfully responded, except to acknowledge receipt of Watton's requests.

**ANSWER**:     Defendant denies the allegations in Paragraph 55.

56.     As a result of the actions and omissions of Defendant, Garett Watton has suffered damages including emotional distress, loss of privacy, mental anguish, fear, anger, frustration, embarrassment and other damages.

**ANSWER**:     Defendant denies the allegations in Paragraph 56.

57.     The damages Watton suffered as a result of the actions and omissions of Defendant are directly traceable to the conduct of Defendant, and are likely to be redressed by a favorable decision in this action.

**ANSWER**:     Defendant denies the allegations in Paragraph 57.

COUNT 1.     FAIR CREDIT REPORTING ACT

58.     Watton incorporates by reference all the foregoing paragraphs.

**ANSWER**:     Defendant repeats, realleges, and incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

59.     Defendant willfully and/or recklessly violated provisions of the Fair Credit Reporting Act. Defendant's violations include, but are not limited to the following:

(A)   Upgrade violated 15 U.S.C. §1681b(f) by willfully and/or recklessly obtaining multiple copies of Watton's consumer credit report and file as maintained by Factor Trust, without a permissible purpose under the FCRA.

**ANSWER**:   Defendant denies the allegations in Paragraph 59.

60.   As a result of the above violations of the FCRA, Defendant is liable to Watton in the sum of Watton's actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

**ANSWER**:   Defendant denies the allegations in Paragraph 60.

COUNT 2.   WISCONSIN'S PRIVACY STATUTE

61.   Garett Watton incorporates by reference all the foregoing paragraphs.

**ANSWER**:   Defendant repeats, realleges, and incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

62.   The information concerning Garett Watton, as contained in the consumer credit report and files maintained by Factor Trust includes non public PII such as Garett Watton's social security number, and further includes non public personal financial information ("PFI") such as his banking information, and his credit score.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 and therefore denies same.

63.   The information concerning Garett Watton, as contained in the consumer credit report and file maintained by Factor Trust is private, and is of a highly personal nature.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 and therefore denies same.

13

64.     Similar information concerning any reasonable person of ordinary sensibilities, would also be considered private and of a highly personal nature.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 64 and therefore denies same.

65.     The unlawful accessing of that information by defendant of Watton's consumer credit report and file is highly offensive to Garen Watton.

**ANSWER**:    Defendant denies the allegations in Paragraph 65.

66.     Any unlawful accessing and re [sic] disclosure of similar information of any reasonable person of ordinary sensibilities, would be highly offensive to any such person.

**ANSWER**:    Defendant denies the allegations in Paragraph 66.

67.     Defendant acted unreasonably and recklessly in accessing Garett Watton's information including PII and PFI about Garett Watton.

**ANSWER**:    Defendant denies the allegations in Paragraph 67.

68.     While Garett Watton's PII and PFI were not disclosed to the general public, Garett Watton's PII and PFI were disclosed by defendant to an audience that includes companies that Garett Watton has never contracted with, companies that Garett Watton has never authorized to receive such information, and companies that Garett Watton has no control over including potentially companies based and operating outside the United States and Wisconsin, and outside the jurisdiction of United States and Wisconsin courts.

**ANSWER**:    Defendant denies the allegations in Paragraph 68.

69.     Defendant willfully and/or recklessly violated Wis. Stat. § 995.50(2)(a & c), including its prohibition on accessing Garett Watton's PII and PFI.

**ANSWER**:    Defendant denies the allegations in Paragraph 69.

70.    As a result of the above violations of Wis. Stat. § 995.50, Defendant is liable to Garett Watton in the sum of Garett Watton's actual damages, punitive damages, costs, disbursements, and reasonable attorney's fees, along with any appropriate injunctive and or declaratory relief.

**ANSWER**:    Defendant denies the allegations in Paragraph 70.

71.    All appropriate injunctive and or declaratory relief will include but not be limited to orders prohibiting defendant from reselling or offering to resell Garett Watton's PII and / or PFI.

**ANSWER**:    Defendant denies the allegations in Paragraph 71.

72.    All appropriate injunctive and or declaratory relief will include but not be limited to orders prohibiting defendant from sharing or offering to share Garett Watton's PII and / or PFI.

**ANSWER**:    Defendant denies the allegations in Paragraph 72.

73.    All appropriate injunctive and or declaratory relief will include but not be limited to orders prohibiting defendant from bartering or offering to barter Garett Watton's PII and / or PFI

**ANSWER**:    Defendant denies the allegations in Paragraph 73.

74.    All appropriate injunctive and or declaratory relief will include but not be limited to orders directing defendant to disclose any and all entities with whom it has sold, shared or bartered Garett Watton's PII and / or PFI, and further ordering each defendant to cooperate with the retrieval and destruction of Garett Watton's PII and / or PFI.

**ANSWER**:    Defendant denies the allegations in Paragraph 74.

75.    All appropriate injunctive and or declaratory relief will be subject and limited to all exceptions at law, such as defendant's requirement to comply with Federal, State or other document retention law.

**ANSWER**:    Defendant denies the allegations in Paragraph 75.

76.     Where document retention or other laws require the retention of Garitt Watton's PII and/ or PFI by any defendant, all appropriate injunctive and or declaratory relief will include orders directing defendant to safeguard ind [sic] information, and to destroy it when any such law expires.

**ANSWER**:     Defendant denies the allegations in Paragraph 76.

77.     WHEREFORE, Garett Watton respectfully requests that Judgment be entered against Defendant as follows

Count 1          (a) actual damages;

                 (b) statutory damages;

                 (c) punitive damages;

                 (d) costs and reasonable attorney's fees; and

                 (e) such other and further relief as the court deems just and equitable.

Count 2          (a) actual damages;

                 (b) punitive damages;

                 (c) declaratory and injunctive relief;

                 (d) costs and reasonable attorney's fees; and

                 (e) such other and further relief as the court deems just and equitable.

**ANSWER**:     Defendant denies that Plaintiff is entitled to any relief, including but not limited to the relief sought in Paragraph 77.

78.     Garett Watton hereby demands that, to the extent provided by the United States and Wisconsin Constitutions, United States and Wisconsin Statutes, and United States and Wisconsin Common Law, these claims be determined by a jury of his peers.

**ANSWER**:     Defendant admits that Plaintiff demands a jury trial. Defendant denies any remaining allegations in Paragraph 78.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE -- LACK OF PERSONAL JURISDICTION

1. Defendant is a Delaware corporation with its principal place of business in California.

2. Although Defendant does business in Wisconsin, doing business in the state of Wisconsin is insufficient on its own to establish general jurisdiction over Defendant. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'").

3. The electronic credit reporting data at issue was pulled from and received outside the state of Wisconsin.

4. The mere pulling of a credit report outside this State, regardless of any knowledge that Plaintiff resided in Wisconsin, is insufficient to confer specific jurisdiction over Defendant. *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) ("In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State."); *Walden v. Fio*re, 571 U.S. 277, 285, 290 (2014) ("the plaintiff cannot be the only link between the defendant and the forum" and "mere injury to a forum resident is not a sufficient connection to the forum").

SECOND AFFIRMATIVE DEFENSE -- PERMISSIBLE PURPOSE

5. Any credit inquiries made by Defendant relative to Plaintiff were made in connection with an application for a credit product offered through Defendant. Therefore, Defendant had a permissible purpose to use or obtain Plaintiff's consumer report and did not violate either the FCRA or Plaintiff's privacy rights.

17

## <u>CERTIFICATION</u>

The undersigned attorney for Defendant certifies that a copy of this the foregoing answer and affirmative defenses has been or will be mailed and emailed to the Plaintiff's attorneys.

Respectfully submitted,

**UPGRADE, INC.**

Dated: October 16, 2023

<u>/s/ Nicole M. Strickler</u>
Nicole M. Strickler
Wis. Bar No. 1128446
Messer Strickler Burnette, Ltd.
142 W. Station St.
Barrington, IL 60010
(312) 334-3469 (p)
(312) 334-3470 (f)
nstrickler@messerstricker.com

***Attorney for Defendant***
***Upgrade Inc.***

**FILED**
**10-19-2023**
**Clerk of Circuit Court**
**Chippewa County, WI**
**2023SC000695**

**STATE OF WISCONSIN**            **CIRCUIT COURT**            **CHIPPEWA COUNTY**

Garett Watton vs. Upgrade, Inc.                     **Notice of Hearing**

Case No: 2023SC000695

COURT ORIGINAL

This case is scheduled for: **Hearing**

| Date<br>10-30-2023 | Time<br>02:00 pm | Location<br>Chippewa County Courthouse, Branch 1 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner**<br>David Raihle Jr | | Chippewa County Courthouse<br>711 N. Bridge Street<br>Chippewa Falls WI 54729 |
| **Re**<br>Sm Claim, Claim Under $ Limit | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

This hearing has been approved for Zoom appearances:

Join Zoom Meeting

https://wicourts.zoom.us/j/87663682014?pwd=SjhPNHAvaDQwd0VZWTh5dXFIWEI4dz09

Meeting ID: 876 6368 2014
Passcode: 226028

---

One tap mobile
+13017158592,,87663682014#,,,,*226028# US (Washington DC)
+13052241968,,87663682014#,,,,*226028# US

---

Dial by your location
- +1 301 715 8592 US (Washington DC)
- +1 305 224 1968 US
- +1 309 205 3325 US
- +1 312 626 6799 US (Chicago)
- +1 646 558 8656 US (New York)
- +1 646 931 3860 US
- +1 386 347 5053 US

This form shall not be modified. It may be supplemented with additional material.

- +1 507 473 4847 US
- +1 564 217 2000 US
- +1 669 444 9171 US
- +1 669 900 9128 US (San Jose)
- +1 689 278 1000 US
- +1 719 359 4580 US
- +1 253 205 0468 US
- +1 253 215 8782 US (Tacoma)
- +1 346 248 7799 US (Houston)
- +1 360 209 5623 US

Meeting ID: 876 6368 2014
Passcode: 226028

Find your local number: https://wicourts.zoom.us/u/kyLoD8zUp

---

Join by SIP
- 87663682014@zoomcrc.com

---

Join by H.323
- 162.255.37.11 (US West)
- 162.255.36.11 (US East)
- 115.114.131.7 (India Mumbai)
- 115.114.115.7 (India Hyderabad)
- 213.19.144.110 (Amsterdam Netherlands)
- 213.244.140.110 (Germany)
- 103.122.166.55 (Australia Sydney)
- 103.122.167.55 (Australia Melbourne)
- 149.137.40.110 (Singapore)
- 64.211.144.160 (Brazil)
- 149.137.68.253 (Mexico)
- 69.174.57.160 (Canada Toronto)
- 65.39.152.160 (Canada Vancouver)
- 207.226.132.110 (Japan Tokyo)
- 149.137.24.110 (Japan Osaka)

Meeting ID: 876 6368 2014
Passcode: 226028

---

**If you require reasonable accommodations due to a disability to participate in the court process, please call 715-726-7758 prior to the scheduled court date. Please note that the court does not provide transportation.**

Chippewa County Circuit Court
Date: October 19, 2023

| DISTRIBUTION | Address | Service Type |
| --- | --- | --- |
| Court Original | | |
| Eric Leighton Crandall | | Electronic Notice |
| Nicole M. Strickler | | Electronic Notice |

GF-101(CCAP), 10/2009 Notice of Hearing

This form shall not be modified. It may be supplemented with additional material.